UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ISAI ROJAS ESPARZA, | No. 1:26-cv-04147-DAD-CSK |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT |
| M. WOFFORD, et al., | |
| Respondents. | |
| | (Doc. Nos. 1, 2) |

On May 30, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 2.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) On June 1, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided, including, as relevant here, *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025). (Doc. No. 5.) In addition, if respondents opposed the court ruling on the

/////

1

underlying petition based on the present briefing, respondents were directed to indicate so and provide substantive reasons in support thereof in their opposition. (*Id.*)

On June 1, 2026, respondents filed a combined opposition to petitioner's motion for temporary restraining order and response to the petition for writ of habeas corpus. (Doc. No. 7.) In that filing, respondents concede that there are no material factual or legal differences between this case and the cases identified in the court's order. (*Id.* at 4.) Respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (*id.* at 2–4), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents further argue that should the court find that petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a), petitioner is only entitled to a bond hearing, and not his immediate release. (Doc. No. 7 at 4.) Respondents state this is particularly true in petitioner's case because petitioner was recently convicted of two crimes.[1] (Doc. No. 7 at 4.) Respondents do not cite to any legal authority in support of their contention that petitioner should not be immediately released because of these convictions, nor do they argue that these convictions make petitioner a danger to the community or a flight risk. (*Id.*) Finally, respondents do not state any objection to the court ruling on the petition based on the current briefing and the court will therefore do so as indicated in its June 1, 2026 order.

Petitioner filed a reply on June 5, 2026, in which he argues that his criminal convictions do not subject him to mandatory detention, and that the balance of the equities favor granting relief. (Doc. No. 8 at 1–8.)

/////

---

[1] According to the criminal history report provided by respondents, petitioner was convicted of the following offenses on March 26, 2026: (1) a felony violation of California Vehicle Code section 2800.2, recklessly evading a peace officer; and (2) a misdemeanor violation of California Penal Code section 148(a)(1), resisting, obstructing, or delaying a peace officer. (Doc. No. 7-4 at 5.) Petitioner appears to have been sentenced to probation with county jail time imposed as a condition thereof. (*Id.*) The report does not indicate that petitioner has suffered any other criminal convictions. (*Id.* at 6.) Petitioner does not deny that he was convicted of the identified offense. (Doc. No. 8 at 5.)

2

Based upon a review of the briefing, the court finds the following facts. Petitioner was paroled into the United States with a CBP one appointment on or about November 1, 2023, when he was either 15 or 16 years old. (Doc. Nos. 7-1 at 2–3; 7-3 at 2–3.) Petitioner was re-detained by ICE on March 26, 2026, following a criminal conviction. (Doc. Nos. 7-1 at 2; 7-4 at 5.) Neither party has alleged that petitioner was given notice of the reason for his re-detention or a hearing before a neutral adjudicator. (*See* Doc. Nos. 1, 2, 7.)

In light of petitioner's previous parole into the United States, the court incorporates and adopts the reasoning set forth in its prior order *Chavarria*, 2025 WL 3533606, in which the court determined that the petitioner demonstrated a liberty interest in his continued release following his parole, and his re-detention absent notice and a hearing violated due process. In addition, respondents have conceded that this case is not substantively distinguishable from *Chavarria*, 2025 WL 3533606. (Doc. No. 7 at 4.) Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 2) is GRANTED as follows:

 a. Respondents are ORDERED to immediately release petitioner Omar Isai Rojas Esparza, A-File No. 244-247-494, from respondents' custody on the same conditions he was subject to prior to his re-detention on March 26, 2026;

 b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner no less than seven days' notice and a pre-deprivation bond hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 1) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

3.    The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility; and

4.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 8, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4